No. 55.—JOHN B. BAIRD and others, plaintiffs in error, vs. RAPHAEL J. MOSES and others, defendants in error.

When a party is restrained by injunction from the enforcement of an important right, and he acquieses by making no effort to get rid of it, the Court will not dismiss the bill or dissolve the injunction, because the complainants have been wanting in diligence, without previous notice to speed the cause.

In Equity, in Muscogee Superior Court.   Decision by Judge WORRELL, at November Term, 1856.

Motion to dissolve injunction and dismiss the bill.

This bill was filed by John B. Baird and others, stockholders in the Coweta Falls Manufacturing Company, against R. J. Moses, William A. Redd and Henry H. Epping trustees, and others, praying for an injunction to restrain said trustees from selling certain property belonging to said company.

At the November Term, 1856, of Muscogee Superior Court, the cause being called, John L. Mustian and Paul J. Semmes, two of the defendants, by their attorneys, Wellborn, Johnson & Sloan, moved to dismiss the bill and to dissolve the injunction on the grounds following, to-wit:

1st.  Because there is no equity in said bill.

2d.  Because no steps have been taken to serve the parties to said bill.

The Court refused to hear the motion to dismiss, on

the ground of want of equity, and held that said motion was not in order till the case was ready for hearing, unless the question be made by demurrer, which was not done in this case. To which decision Semmes and Mustian by their counsel excepted.

The Court also refused to dissolve the injunction on either of the grounds stated, and overruled said motion; and counsel excepted.

The Court also refused to dismiss said bill on the second ground for want of service; and counsel excepted.

It was shown on the hearing, that the bill was filed on the 31st March, 1856. That none of the defendants had been served, except the Sheriff and his deputy, who acknowledged service. That no steps had been taken to serve any other defendants. That they all lived in Muscogee county.

JONES; WELLBORN, JOHNSON & SLOAN, for plaintiffs in error.

DOUGHERTY; and HOLT, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

A motion was made to dissolve the injunction granted in this case and dismiss the bill:

1st. Because there was no equity in the bill.

2d. Because no steps had been taken to serve the defendants.

The bill was filed in office the 31st of March, 1856. None of the parties had been served except the Sheriff and his deputy, although all the defendants lived in the county.

The Court refused either to dismiss the bill or dissolve the injunction, holding that a motion to do either was not in order until the case was ready for a hearing, or unless the application be made by demurrer.

The judgment of the Court cannot confessedly be sustained on the grounds upon which it was put; still was it not

right? Either the bill and injunction were served, or they were not. If not served, then the defendants were not obstructed in the prosecution of their rights. If they were served, by being served upon the levying officers, then it was competent for the defendants at any time to move to dismiss, demur or answer. And the presumption is, that they would have taken some step had they felt aggrieved by the restraint imposed upon the Sheriff and his deputy. They acquiesed in the delay, and on this account we affirm the judgment of the Court in refusing either to dismiss the bill or dissolve the injunction.

Whether there be equity in the bill, has not been decided by the Court below, neither will it be by this Court.

Judgment affirmed.